LEADER-PICONE & YOUNG, LLP
MALCOLM LEADER-PICONE *(State Bar No. 104620)*
1970 BROADWAY, SUITE 1030
OAKLAND, CA 94612
TELEPHONE: 510-444-2404
FACSIMILE: 510-444-1291
EMAIL: mlp@leader-picone.com

Attorneys for Creditor
RANDOLPH BUSH

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

In Re:

    DESMOND GUMBS,

        Debtor.

Case No. 17-42072 CN 13

Chapter 13

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN [filed 09/15/2017]; AND REQUEST TO DISMISS CASE.**

### OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN and REQUEST TO DISMISS CHAPTER 13 CASE

    Randolph Bush dba Applied Judicial Research ("Creditor") hereby objects to the confirmation of the debtor's Chapter 13 Plan, filed September 15, 2017, on the following grounds:

### I. BASIS OF OBJECTION.

    1.    On August 15, 2017, debtor filed his voluntary petition under Chapter 13 of the Bankruptcy Code.

    2.    On September 15, 2017 the debtor filed his Schedules and Statement of Financial Affairs and a Chapter 13 Plan.

    3.    The debtor's Chapter 13 Plan purports to be a 100% plan. However, the Plan fails to take into account significant claims of which the debtor had knowledge at the time of his filing of the bankruptcy and at the time of the filing of the Schedules and Chapter 13, Plan; which claims are

not disclosed in the debtor's Schedules nor in the currently proposed Plan.

4. Specifically, the Schedules and the currently proposed Plan fail to disclose that the debtor owes this creditor, Randolph Bush, the sum of $850,624.71 and lists the debt amount as "unknown" on Schedule E/F, while knowing full well that the judgment is secured by an Abstract of Judgment. (See, Schedule E/F, Claim No. 4.4).

5. The Plan as currently proposed (payment of mortgage outside the Plan and payment of unsecured creditors 100% by payment of $1,000 per month for 60 months) is not feasible. 11 U.S.C. §1325(a)(6). The debtor's proposed $1,000 per month for 60 months only totals $60,000; and that amount will not pay off 100% of the debt owed to Mr. Bush, which is in excess of $850,000. Moreover, the Schedules are false in that Mr. Gumbs does not list the debt to Mr. Bush as secured. See, Abstract of Judgment recorded on May 9, 2017, attached hereto as Exhibit "A"; and Renewal of Judgment, entered on January 26, 2017, attached hereto as Exhibit "B".

6. Not only is the Plan not proposed in good faith, in violation of 11 U.S.C. § 1325(a)(3), but the $850,624.71 debt owed to Mr. Bush, whether treated as secured or unsecured, renders Mr. Gumbs ineligible to be a Chapter 13 debtor under 11 U.S.C. § 109(e).

## II. POINTS AND AUTHORITIES.

11 U.S.C. §1322(a) provides that a plan shall provide for certain payments to creditors and for payment of claims within specified classes. Pursuant to 11 U.S.C. §1325(a)(1) the Court can only confirm a plan **if** the plan complies with the provisions of Chapter 13 and with other applicable provisions of this title. 11 U.S.C. §1325(a) provides that the Court shall **only** confirm a plan if certain criteria set forth in §1325(a) is met.

The debtor carries the burden of proving, by a preponderance of the evidence, that the plan complies with the statutory requirements of confirmation. *Austin v. Bankowski* (*In re Austin*), 519 B.R. 559, 563 (D. Mass. 2014). As stated in *Austin v. Bankowski, supra*:

> To obtain confirmation under Section 1325(a), the burden is on the debtor to prove that each of the statutory criteria for confirmation is met. See *In re Haque*, 334 B.R. 486, 489 (Bankr. D. Mass. 2005) (holding that under Section 1325(a)(3), the burden of proof is on the debtor); see also *In re Virden*, 279 B.R. 401, 407 (Bankr. D. Mass. 2002). In undertaking its review, the

Case: 17-42072    Doc# 24    Filed: 09/22/17    Entered: 09/22/17 11:22:31    Page 2 of 4

Case No. 17-42072 CN 13

bankruptcy court "should exercise [its] judicial discretion and assess the evidence to ensure that [the proposed Chapter 13 plan] meets the guidelines established by [S]ection 1325." *First Nat'l Bank of Boston v. Fantasia* (*In re Fantasia*), 211 B.R. 420, 423 (B.A.P. 1st Cir. 1997) (citing *Fidelity & Cas. Co. of N.Y. v. Warren* (*In re Warren*), 89 B.R. 87 (B.A.P. 9th Cir. 1988)).

In this case, there can be no doubt that the proposed Chapter 13 Plan is proposed in bad faith and is not feasible. The debtor is not eligible to be a Chapter 13 debtor. Bankruptcy Code section 109, subpart (e) defines a Chapter 13 debtor as follows:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000 may be a debtor under chapter 13 of this title.

Given that the debtor owes Mr. Bush over $850,000, and claims that his home is only worth $780,000[1] with a mortgage balance of $1,005,352, which, if true would give the debtor unsecured debt well above the $394,725 cap. However, the $780,000 value in the debtor's schedules is not supportable, so that the Bush debt is mostly secured, giving debtor secured debt well in excess of the $1,184,200 cap ($1,005,352 mortgage plus $850,624.71 judgment lien). Thus, the disclosure of the amount of the Bush debt reveals that Mr. Gumbs is ineligible for Chapter 13, whether the debt is considered secured or unsecured.

**WHEREFORE**, creditor requests that the Court deny confirmation of the currently proposed Chapter 13 Plan and dismiss the Chapter 13 case.

DATED: September 22, 2017.            LEADER-PICONE & YOUNG, LLP

BY: /s/
    MALCOLM LEADER-PICONE
    Attorneys for Creditor
    RANDOLPH BUSH

---

[1] Redfin values the home at $1,773,280, more than twice debtor's value Schedule A/B. https://www.redfin.com/CA/Danville/4291-Silver-Meadow-Ct-94506/home/987782

## COURT SERVICE LIST

Desmond Gumbs
4291 Silver Meadow Court
Danville, CA 94506

Andrew J. Christensen, Esq.
Andrew J. Christensen Attorney at Law
1970 Broadway, Suite 550
Oakland, CA 94612

Office of the U.S. Trustee/Oak
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102

Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540

PROOF OF SERVICE                                                   Case No. 17-42072 CN 13