LEADER-PICONE & YOUNG, LLP
MALCOLM LEADER-PICONE (State Bar No. 104620)
1970 BROADWAY, SUITE 1030
OAKLAND, CA 94612
TELEPHONE: 510-444-2404
FACSIMILE: 510-444-1291
EMAIL: mlp@leader-picone.com

Attorneys for Creditor
RANDOLPH BUSH

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| In Re:<br><br>　　DESMOND GUMBS,<br><br>　　　　Debtor. | Case No. 17-42072 CN 13<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN [filed 09/15/2017]; AND REQUEST TO DISMISS CASE.** |

### OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN and REQUEST TO DISMISS CHAPTER 13 CASE

　　Randolph Bush dba Applied Judicial Research ("Creditor") hereby objects to the confirmation of the debtor's Chapter 13 Plan, filed September 15, 2017, on the following grounds:

　　**I.　　BASIS OF OBJECTION.**

　　1.　　On August 15, 2017, debtor filed his voluntary petition under Chapter 13 of the Bankruptcy Code.

　　2.　　On September 15, 2017 the debtor filed his Schedules and Statement of Financial Affairs and a Chapter 13 Plan.

　　3.　　The debtor's Chapter 13 Plan purports to be a 100% plan. However, the Plan fails to take into account significant claims of which the debtor had knowledge at the time of his filing of the bankruptcy and at the time of the filing of the Schedules and Chapter 13, Plan; which claims are

not disclosed in the debtor's Schedules nor in the currently proposed Plan.

4. Specifically, the Schedules and the currently proposed Plan fail to disclose that the debtor owes this creditor, Randolph Bush, the sum of $850,624.71 and lists the debt amount as "unknown" on Schedule E/F, while knowing full well that the judgment is secured by an Abstract of Judgment. (See, Schedule E/F, Claim No. 4.4).

5. The Plan as currently proposed (payment of mortgage outside the Plan and payment of unsecured creditors 100% by payment of $1,000 per month for 60 months) is not feasible. 11 U.S.C. §1325(a)(6). The debtor's proposed $1,000 per month for 60 months only totals $60,000; and that amount will not pay off 100% of the debt owed to Mr. Bush, which is in excess of $850,000. Moreover, the Schedules are false in that Mr. Gumbs does not list the debt to Mr. Bush as secured. See, Abstract of Judgment recorded on May 9, 2017, attached hereto as Exhibit "A"; and Renewal of Judgment, entered on January 26, 2017, attached hereto as Exhibit "B".

6. Not only is the Plan not proposed in good faith, in violation of 11 U.S.C. § 1325(a)(3), but the $850,624.71 debt owed to Mr. Bush, whether treated as secured or unsecured, renders Mr. Gumbs ineligible to be a Chapter 13 debtor under 11 U.S.C. § 109(e).

## II.  POINTS AND AUTHORITIES.

11 U.S.C. §1322(a) provides that a plan shall provide for certain payments to creditors and for payment of claims within specified classes. Pursuant to 11 U.S.C. §1325(a)(1) the Court can only confirm a plan **if** the plan complies with the provisions of Chapter 13 and with other applicable provisions of this title. 11 U.S.C. §1325(a) provides that the Court shall **only** confirm a plan if certain criteria set forth in §1325(a) is met.

The debtor carries the burden of proving, by a preponderance of the evidence, that the plan complies with the statutory requirements of confirmation. *Austin v. Bankowski* (*In re Austin*), 519 B.R. 559, 563 (D. Mass. 2014). As stated in *Austin v. Bankowski, supra*:

> To obtain confirmation under Section 1325(a), the burden is on the debtor to prove that each of the statutory criteria for confirmation is met. See *In re Haque*, 334 B.R. 486, 489 (Bankr. D. Mass. 2005) (holding that under Section 1325(a)(3), the burden of proof is on the debtor); see also *In re Virden*, 279 B.R. 401, 407 (Bankr. D. Mass. 2002). In undertaking its review, the

bankruptcy court "should exercise [its] judicial discretion and assess the evidence to ensure that [the proposed Chapter 13 plan] meets the guidelines established by [S]ection 1325." *First Nat'l Bank of Boston v. Fantasia* (*In re Fantasia*), 211 B.R. 420, 423 (B.A.P. 1st Cir. 1997) (citing *Fidelity & Cas. Co. of N.Y. v. Warren* (*In re Warren*), 89 B.R. 87 (B.A.P. 9th Cir. 1988)).

In this case, there can be no doubt that the proposed Chapter 13 Plan is proposed in bad faith and is not feasible. The debtor is not eligible to be a Chapter 13 debtor. Bankruptcy Code section 109, subpart (e) defines a Chapter 13 debtor as follows:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000 may be a debtor under chapter 13 of this title.

Given that the debtor owes Mr. Bush over $850,000, and claims that his home is only worth $780,000[1] with a mortgage balance of $1,005,352, which, if true would give the debtor unsecured debt well above the $394,725 cap. However, the $780,000 value in the debtor's schedules is not supportable, so that the Bush debt is mostly secured, giving debtor secured debt well in excess of the $1,184,200 cap ($1,005,352 mortgage plus $850,624.71 judgment lien). Thus, the disclosure of the amount of the Bush debt reveals that Mr. Gumbs is ineligible for Chapter 13, whether the debt is considered secured or unsecured.

**WHEREFORE**, creditor requests that the Court deny confirmation of the currently proposed Chapter 13 Plan and dismiss the Chapter 13 case.

DATED: September 22, 2017.                    LEADER-PICONE & YOUNG, LLP

BY: _____
MALCOLM LEADER-PICONE
Attorneys for Creditor
RANDOLPH BUSH

---

[1] Redfin values the home at $1,773,280, more than twice debtor's value Schedule A/B. https://www.redfin.com/CA/Danville/4291-Silver-Meadow-Ct-94506/home/987782

OBJECTION TO CHAPTER 13 PLAN
-3-

## COURT SERVICE LIST

Desmond Gumbs
4291 Silver Meadow Court
Danville, CA 94506

Andrew J. Christensen, Esq.
Andrew J. Christensen Attorney at Law
1970 Broadway, Suite 550
Oakland, CA 94612

Office of the U.S. Trustee/Oak
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102

Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540

PROOF OF SERVICE                                    Case No. 17-42072 CN 13

# EXHIBIT "A"

| EJ-001 | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, State Bar number, and telephone number):<br>Recording requested by and return to:<br>Randolph Bush dba Applied Judicial Research<br>3060 El Cerrito Plaza, #500<br>El Cerrito, CA 94530<br>888 524 0203<br>In Pro Per<br>☐ ATTORNEY FOR  ☒ JUDGMENT CREDITOR  ☐ ASSIGNEE OF RECORD | CONTRA COSTA Co Recorder Office<br>JOSEPH CANCIAMILLA, Clerk–Recorder<br>DOC– 2017-0080153-00<br>Check Number<br>Tuesday, MAY 09, 2017 11:28:53<br>LIE $14.00 MOD $2.00 REC $12.00<br>FTC $1.00 DAF $2.70 REF $0.30<br>RED $1.00 ERD $1.00<br>Ttl Pd $34.00 Nbr-0002914680 MNH / R5 / 1-2 | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court St.
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Unlimited Civil Division

PLAINTIFF: Karl Burke and Sean Burke

DEFENDANT: Desmond Gumbs and G Crest 365 LLC

CASE NUMBER: CIV MSC 08-02587

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS** ☒ Amended

FOR COURT USE ONLY

LIEN NOTICE MAILED

1. The ☒ judgment creditor ☐ assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address
      ┌─────────────────────────────┐
      │ Desmond Gumbs,              │
      │ 4291 Silver Meadow Ct.,     │
      │ Danville, CA 94506          │
      └─────────────────────────────┘
   b. Driver's license no. [last 4 digits] and state:                        ☒ Unknown
   c. Social security no. [last 4 digits]: 1693 / 8986                       ☐ Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address): Desmond Gumbs, 4291 Silver Meadow Ct., Danville, CA 94506

2. ☒ Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   Randolph Bush dba Applied Judicial Research
   3060 El Cerrito Plaza, #500, El Cerrito CA 94530

4. ☐ Information on additional judgment creditors is shown on page 2.
5. ☒ Original abstract recorded in this county:
   a. Date: 3/26/2009
   b. Instrument No.: 00-64635-00

Date: 5/8/2017

Randolph Bush
(TYPE OR PRINT NAME)

► _[signature]_
(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 850,624.71
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): 3/4/2009
   b. Renewal entered on (date): 1/26/2017
9. ☐ This judgment is an installment judgment.

[SEAL – Superior Court Contra Costa County California]

This abstract issued on (date):
MAY 09 2017

10. ☐ An ☐ execution lien ☐ attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. ☒ not been ordered by the court.
    b. ☐ been ordered by the court effective until (date):
12. a. ☒ I certify that this is a true and correct abstract of the judgment entered in this action.
    b. ☐ A certified copy of the judgment is attached.

Clerk, by ____S. OZUNA____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

# EXHIBIT "B"

| | | EJ-190 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TEL. NO.: 888 524 0203 | |
| ☐ Recording requested by and return to: | | |

Randolph Bush dba Applied Judicial Research
3060 El Cerrito Plaza, #500
El Cerrito, CA 94530

☐ ATTORNEY FOR ☒ JUDGMENT CREDITOR ☐ ASSIGNEE OF RECORD

NAME OF COURT: Contra Costa County Superior
STREET ADDRESS: 725 Court St.
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Unlimited Civil Division

PLAINTIFF: Karl Burke & Sean Burke

DEFENDANT: Desmond Gumbs and GCrest 365 LLC

**APPLICATION FOR AND RENEWAL OF JUDGMENT**

FOR RECORDER'S USE ONLY
CASE NUMBER: **CIV MSC 08-02587**

FOR COURT USE ONLY

FILED JAN 26 2017
STEPHEN H. NASH CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ Deputy Clerk

☒ Judgment creditor
☐ Assignee of record
applies for renewal of the judgment as follows:

1. Applicant (name and address):
   Randolph Bush dba Applied Judicial Research, 3060 El Cerrito Plaza, #500, El Cerrito CA 94530

2. Judgment debtor (name and last known address):
   Desmond Gumbs and GCrest 365 LLC, 4291 Silver Meadow Ct., Danville, CA 94506

1. Original judgment
   a. Case number (specify): CIV MSC 08-02587
   b. Entered on (date)        3/4/09
   c. Recorded:
      (1) Date:                3/26/09 and 4/2/09
      (2) County:              Contra Costa / Alameda
      (3) Instrument No.:      00-64635-00 / 2009-097-266

2. ☐ Judgment previously renewed (specify each case number and date):

3. ☒ Renewal of money judgment
   a. Total judgment ........................ $ 507,828.75
   b. Costs after judgment .................. $     95.00
   c. Subtotal (add a and b) ................ $ 507,923.75
   d. Credits after judgment ................ $  22,163.26
   e. Subtotal (subtract d from c) .......... $ 485,760.49
   f. Interest after judgment ............... $ 364,834.22
   g. Fee for filing renewal application .... $     30.00
   h. **Total renewed judgment** (add e, f, and g) . $ 850,624.71

   i. ☐ The amount called for in items a – h are different for each debtor. These amounts are stated for each debtor on Attachment 5.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-190 [Rev. January 1, 2002]

**APPLICATION FOR AND RENEWAL OF JUDGMENT**

Code of Civil Procedure, § 683.140
CAJP

1. ☐ Renewal of judgment for ☐ possession.
   ☐ sale.

   a. ☐ If judgment was not previously renewed, terms of judgment as entered:

   b. ☐ If judgment was previously renewed, terms of judgment as last renewed:

   c. ☐ Terms of judgment remaining unsatisfied:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/12/17

Randolph Bush
(TYPE OR PRINT NAME)

▶ RBM
(SIGNATURE OF DECLARANT)