MARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
LEO G. SPANOS, SBN 261837, STAFF ATTORNEY
NIMA GHAZVINI, SBN 254758, STAFF ATTORNEY
P.O. BOX 5004
HAYWARD, CA 94540
PH:   (510) 266-5580
FAX: (510) 266-5589
13trustee@oak13.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CHAPTER 13 |
| DESMOND GUMBS | CASE NO.  17-42072 CN 13 |
| Debtor, | **TRUSTEE'S MOTION TO DISMISS FOR VIOLATION OF DEBT LIMITS PURSUANT TO 11 U.S.C. §109(e)** |

COMES NOW, MARTHA G. BRONITSKY, Chapter 13 Standing Trustee, (Trustee) files this motion to dismiss for violation of debt limits contained in 11 U.S.C. §109(e)[1] and requests dismissal under §1307(c).

The Trustee requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below.  Fed.R.Evid. 201.

---

[1] All code references are to Title 11 of the United States Code unless otherwise stated.

Page **1** of **3**

## ARGUMENT

Section 109 of the Bankruptcy Code sets the eligibility requirements for Chapter 13 debtors. Section 109(e), in relevant part, states—

> **(e)** Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200, or an individual with regular income and such individual's spouse . . .

11 U.S.C. §109(e).[2]

The unsecured portion of a secured debt (the amount by which the debt is greater than the value) is treated as unsecured debt for purposes of eligibility under §109(e). See *Scovis v. Henrichsen* (*In re Scovis*), 249 F.3d 975, 983 (9th Cir. 2001).

The Debtor is over the secured debt limits secured debt limits contained in §109(e) based on the Abstract of Judgment recorded with Contra Costa County in the amount of $850,624.71 ("Debt") attached as "Exhibit A" to Creditor Randolph Bush's objection to confirmation (doc. #26). The Debt is listed on schedule F as "Judgment" and "disputed" with amount "Unknown." (Doc. #14, page 14, section 4.4). A disputed debt, however is not excluded from the 109(e) calculation for debt limits. Since there is no evidence that the Debt is contingent or unliquidated, it must be included in determining whether this individual is eligible to be a debtor under section 109(e).

With the inclusion of the Debt and the secured claim of Specialized Loan Servicing ("SLS") for $1,000,000 (doc. #14, page 11, section 2.2), the Debtor's

---

[2] Dollar amounts as adjusted under section 104 effective April 1, 2016.

Case: 17-42072    Doc# 29    Filed: 10/19/17    Entered: 10/19/17 07:59:15    Page 2 of 3

noncontingent, liquidated secured debts total $1,850,624.71, which exceeds the limit of $1,184,200.  After taking into account the unsecured portion of the SLS debt ($220,000), the remaining secured debt is $780,000, which would still place the Debtor above the limit.

## **CONCLUSION**

WHEREFORE, the Trustee requests that this case be dismissed based on ineligibility under §109(e).

RESPECTFULLY SUBMITTED

Date: October 18, 2017          /s/Martha G. Bronitsky 5909
                                Martha G. Bronitsky, Esq.
                                Chapter 13 Standing Trustee

Case: 17-42072    Doc# 29    Filed: 10/19/17    Entered: 10/19/17 07:59:15    Page 3 of 3